# Lessee of John Steinmetz and William Bell *against* George Nixon.

*Narr* in ejectment by tenants in common, *quod demiserunt*, is ill. Where one tract of land is attached under a foreign attachment and so entered, the court cannot even by rule, substitute a different tract of land.

THE plaintiff declared, on demise made 2d November 1797, by joint tenants of one messuage, one garden, one orchard, 10 acres of meadow, 200 acres of arable land, and 604¾ acres of woodland on Yellow creek, in Hopewell township. The title was as follows:

On the 29th October 1762, George Nixon, the defendant applied for 400 acres, including two springs, at the foot of the Cove mountain, on the north west side of John Piper's land, and known by the Large Hill of Black Oaks. On the 5th June 1765, a survey was made by Richard Tea of 814¾ acres, but stated to be on a warrant dated 8th September 1762. Previous hereto, Nixon on 2d March 1764, conveys his right of an order of survey dated 8th September 1762, to George Woods, in consideration of 10l., who on the 19th March 1764, conveys his right to Richard Tea and John Little, in consideration of 76l., and on 14th December 1764, Tea conveys his undivided moiety to *Francis Wade and Samuel Johnston, in consideration of 110l. On the 31st July 1778, Johnston conveys his one [*286 fourth part to Joseph Donaldson and Alexander Donaldson. On the 26th December 1777, Johnston and Wade conveyed their joint interest to the said Joseph and Alexander Donaldson. On the 11th November 1778, John Little conveyed his moiety of the lands to the said Joseph and Alexander.

A foreign attachment in case was instituted by the lessors of the plaintiff to August term 1792, in Bedford county, against the said Joseph Donaldson; whereupon the sheriff made return, attached three tracts of land; one of 400 acres adjoining George Nixon and George Elder, one other of 150 acres on the east side of Juniata, and one other tract in the name of George Elder, adjoining Hugh Barclay. In April term 1793, the court made a rule that the plaintiff should amend his return, as to the quantity of acres of each tract attached by him. Whereupon amendments were made accordingly, but instead of the second tract of 150 acres attached, 814¾ acres were inserted, described as in the survey. Judgment was entered in the attachment in November term 1793.

On the 27th August 1794, Jacob Bonnet, esq., then sheriff, conveys one moiety of the three tracts attached, to John Cad-

wallader, esq., who on the 29th of the same month, conveys to the lessors of the plaintiffs as joint-tenants, and on the 16th June 1793, Alexander Donaldson conveys to them the remaining moiety, as tenants in common.

The defendant's counsel insisted, that exclusive of the objection which presented itself from the warrant of the 8th September 1762, on which the survey was made, not being shewn in evidence, it was obvious, that the moiety of the lands conveyed by Alexander Donaldson could not be recovered in this action. His deed to the lessors of the plaintiff was as tenants in common, but they had declared as joint-tenants, which was certainly ill. 1 Brownl. 13. Cro. Jac. 166. Law of Ejectments 74. 2 Wils. 232. 1 Show. 342. Comb. 2. Bull. 105.

Neither can the plaintiff recover the other moiety conveyed under the attachment. This species of process is *in rem*, and the lands or articles attached can only be acted upon, unless the attachment is dissolved by the entry of special bail. The Court of Common Pleas could not, if they were even so disposed, make a rule, directing the sheriff to substitute one tract in the room of another, which has been attached, for the latter alone is affected by the process. But here there was no such intention, the rule is merely to amend the quantity of acres in each tract, and the *attempt to subject a different tract to the operation of the attachment, is perfectly unjustifiable and without any solid grounds. The substratum failing, the fabrick erected on it must clearly fall.

The court were clearly of this opinion, on both points, and the plaintiff suffered a nonsuit.

Messrs. Watts and Cadwallader, *pro quer.*

Messrs. Hamilton and Duncan, *pro def.*